1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   EVANGELIA REMOUNDOS, et al.,              Case No.  22-cv-00749-EMC

8                        Plaintiffs,

9            v.                               **ORDER GRANTING PLAINTIFFS'**
                                              **RENEWED MOTION FOR**
10  LENDUS, LLC,                              **PRELIMINARY APPROVAL OF**
                                              **CLASS ACTION SETTLEMENT**
11                       Defendant.           Docket No. 39

12

13

14          This case is before the Court on Plaintiffs Evangelia Remoundos, John Biegger, and Anne

15  Biegger's (collectively, "Plaintiffs") (collectively, "Plaintiffs") Unopposed Renewed Motion for

16  Preliminary Approval of the Class Action Settlement (the "Motion").  The Court, having

17  considered the Renewed Motion, the supporting brief, the Parties' Amended Settlement

18  Agreement dated June 20, 2022 (the "Settlement Agreement") (available at Docket No. 40-1); the

19  proposed Claim Form (Exhibit 7), Long Notice (Exhibit 6), Short Notice (Exhibit 4), Postcard

20  Notice (Exhibit 5); the pleadings and other papers filed in this Action; and the statements of

21  counsel and the Parties, and for good cause shown.

22          **IT IS HEREBY ORDERED** as follows:

23                   Preliminary Approval of Settlement Agreement

24          1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the

25  meanings ascribed to those terms in the Settlement Agreement.

26          2.      This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class

27  Members, Defendant LendUS, LLC ("LendUS"), and any party to any agreement that is part of or

28  related to the Settlement.

3.      The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class Members and that a hearing should be held as set forth below.

4.      The Court preliminarily finds that this Settlement complies with the Northern District of California's *Procedural Guidance for Class Action Settlements*.

<u>Class Certification</u>

5.      Solely for purposes of the Settlement, the Court conditionally certifies the following nationwide class ("Settlement Class") and California subclass ("California Subclass") pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> **Settlement Class:** All persons to whom LendUS mailed notice that between February 2, 2021 and March 22, 2021, LendUS was the target of a criminal cyberattack in which third-party criminals gained "unauthorized access to some LendUS employee email accounts" and may have gained unauthorized access to the notified individual's PII.

> **California Settlement Subclass:** All persons residing in California between February 2, 2021 and March 22, 2021 to whom LendUS mailed notice that between February 2, 2021 and March 22, 2021, LendUS was the target of a criminal cyberattack in which third-party criminals gained "unauthorized access to some LendUS employee email accounts" and may have gained unauthorized access to the notified individual's PII.

6.      Excluded from the Settlement Class and the California Settlement Subclass are: (i) LendUS and its respective officers and directors; (ii) all members of the Settlement Class who timely and validly request exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a

United States District Court
Northern District of California

1  court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or

2  abetting the Data Incident or who pleads *nolo contender* to any such charge.

3       7.      Subject to final approval of the Settlement, the Court finds and concludes for

4  settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a)

5  and (b), are satisfied in that:

6              a.   the Settlement Class and California Subclass are so numerous that joinder

7                   of all members is impracticable;

8              b.   there are questions of law or fact common to the Settlement Class and the

9                   California Subclass;

10             c.   Plaintiffs and Class Counsel (as defined below) fairly and adequately

11                  represent the Settlement Class and the California Subclass;

12             d.   the claims of Plaintiffs are typical of those of Settlement Class Members

13                  and California Subclass Members;

14             e.   common issues predominate over any individual issues affecting the

15                  members of the Settlement Class and the California Subclass;

16             f.   Plaintiffs fairly and adequately protect and represent the interests of all

17                  members of the Settlement Class and the California Subclass, and Plaintiffs'

18                  interests are aligned with the interests of all other members of the

19                  Settlement Class and the California Subclass; and

20             g.   settlement of the Litigation on a class-action basis is superior to other

21                  means of resolving this matter.

22       8.      The Court appoints M. Anderson Berry of Clayeo C. Arnold, A Professional Law

23  Corp., Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Joseph M. Lyon of The

24  Lyon Firm as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of

25  the Federal Rules of Civil Procedure are fully satisfied by this appointment.

26       9.      The Court hereby appoints Plaintiffs Evangelia Remoundos, John Biegger, and

27  Anne Biegger as the Class Representatives for settlement purposes only on behalf of the

28  Settlement Class.

Notice to Settlement Class Members

10.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Short Notice, Postcard Notice, and Long Notice (the "Settlement Notices"), respectively, to the Settlement Agreement, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in Section 3 of the Settlement Agreement ("Notice Plan") complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

11.     The Court further approves the Claim Form which will be available both on the Settlement Website and by request.

12.     The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

13.     The Court hereby orders that, within fourteen (14) days of entry of this Order, LendUS shall provide to the Claims Administrator the contact information of Settlement Class Members and California Subclass Members, including names, email addresses (where available), and physical addresses, that is currently in LendUS's possession.

14.     No later than thirty (30) days from the date of this Order preliminarily approving the Settlement, Settlement Class Counsel shall cause the Claims Administrator to send the Short Notice to each Settlement Class Member via email, if an email address is available, and/or through mailing to any potential Settlement Class member for whom an email address was unavailable; and shall cause to be published the Long Form Notice available to the rest of the Class as stated in the proposed Notice Plan.  Should the emailed version of the Short Notice be returned as undeliverable for any Settlement Class Member, the Claims Administer will send the Short Notice to that Settlement Class Member via mail using the physical addresses provided to the Claims Administrator by LendUS.  All notices by publication shall be complete forty-five (45) days prior

United States District Court
Northern District of California

United States District Court
Northern District of California

1   to the Final Approval Hearing.  Contemporaneously with seeking Final Approval of the

2   Settlement, Settlement Class Counsel and LendUS shall cause to be filed with the Court an

3   appropriate affidavit or declaration from the Claims Administrator with respect to complying with

4   the Notice Plan.

5        15.    All costs incurred in disseminating and otherwise in connection with the Settlement

6   Notices shall be paid by LendUS pursuant to the Settlement Agreement.

7        16.    The Settlement Notices and Claim Form satisfy the requirements of due process

8   and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination

9   to the Settlement Class.  The Claim Form shall be made available to the Settlement Class as set

10  forth on the Notice Plan and shall be made available to any potential Class Member that requests

11  one.

12      <u>Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing</u>

13       17.    Settlement Class Members may opt-out or object up to sixty (60) days from the

14  Notice Commencement Date (the "Opt-Out Date").

15       18.    Any member of the Settlement Class who or that wishes to be excluded ("opt out")

16  from the Settlement Class must send a written request to the designated Post Office box

17  established by the Claims Administrator postmarked on or before the Opt-Out Date.  Members of

18  the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a

19  group or class, but must in each instance individually and personally submit an opt-out request.

20  All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any

21  benefits under the Settlement, will not be bound by any further orders or judgments entered for or

22  against the Settlement Class, and will preserve their ability to independently pursue any claims

23  they may have against LendUS.

24       19.    Any member of the Settlement Class who does not properly and timely opt-out of

25  the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and

26  provisions of the Settlement Agreement and Release, whether or not such Settlement Class

27  Member objected to the Settlement and whether or not such Settlement Class Member received

28  consideration under the Settlement Agreement.

1

2

3

4

20. The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
| --- | --- |
| LendUS to Cause CAFA Notice to be Provided to Appropriate Governmental Officials ("CAFA Notice") | Within 10 days after filing Motion for Preliminary Approval |
| LendUS to Provide to Claims Administrator Contact Information for Settlement Class Members | Within 14 days after entry of Preliminary Approval Order |
| Notice Program Commences | Within 30 days after entry of Preliminary Approval Order |
| Notice Program Concludes | Within 45 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental officials are served with CAFA Notice |
| Deadline for Plaintiffs' Motion for Final Approval of the Class-Action Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards | Within 25 days after Notice Commencement Date |
| Postmark Deadline for Request of Exclusion (Opt-Out) or Objections | Within 60 days after Notice Commencement Date |
| Postmark / Filing Deadline for Submitting Claims | Within 90 days after Notice Commencement Date |
| Deadline for Plaintiffs to File any Response to Objections or Supplement to Motion for Final Approval | Not later than 14 days prior to the Final Approval Hearing |
| Deadline for Parties to File, if Necessary, Supplemental Declaration from Claims Administrator | At least 12 days prior to the Final Approval Hearing |
| Final Approval Hearing | Early June 2023 |

1    21.    A hearing on the Settlement (the "Final Approval Hearing") shall be held before

2    this Court on a date to be set by the Court.

3    22.    At the Final Approval Hearing, the Court will consider (a) the fairness,

4    reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should

5    be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of

6    an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final

7    judgment in this Litigation. Settlement Class Counsel's application for award of attorney's fees

8    and costs, and request for the Court to award a service award to the named Plaintiffs, shall also be

9    heard at the time of the hearing.  As the Court noted at the preliminary approval hearing, what fees

10   will ultimately be awarded (assuming there is final approval of the settlement) may turn on the

11   claims rate and/or participation rate (in the Financial Shield program).

12   23.    The date and time of the Final Approval Hearing shall be subject to adjournment by

13   the Court without further notice to the members of the Settlement Class, other than that which may

14   be posted by the Court.  Should the Court adjourn the date for the Final Approval Hearing, that

15   shall not alter the deadlines for mailing and publication of notice, the Opt-Out Date, or the

16   deadlines for submissions of settlement objections, claims, and notices of intention to appear at the

17   Final Approval Hearing unless those dates are explicitly changed by subsequent Order.  The Court

18   may also decide to hold the hearing via zoom or telephonically.  Instructions on how to appear at

19   the Final Approval Hearing will be posted on the Settlement Website.

20   24.    Any person or entity who or which does not elect to be excluded from the

21   Settlement Class may, but need not, enter an appearance through its own attorney.  Settlement

22   Class Members that do not timely object or opt out and that do not have an attorney enter an

23   appearance on their behalf will be represented by Settlement Class Counsel.

24   25.    Any person or entity who or which does not elect to be excluded from the

25   Settlement Class may object to the proposed Settlement.  Any Settlement Class Member may

26   object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and

27   the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or

28   (d) the service award request, by mailing a written objection to Class Counsel and LendUS's

United States District Court
Northern District of California

7

counsel, with a postmark date no later than sixty (60) days following commencement of notice, as defined in § 3.2 of the Settlement Agreement ("Objection Date"). The objector or his or her counsel may also file, no later than the Objection Date, the written objection with the Court through the Court's ECF system, with service on Settlement Class Counsel and LendUS's counsel made through the ECF system. For all objections mailed to Settlement Class Counsel and counsel for LendUS, Settlement Class Counsel will file them with the Court as an exhibit to the Motion for Final Approval of the Settlement.

26. Any Settlement Class Member making the objection (an "Objector") must sign the objection personally or through Objector's counsel. An objection must state: (i) the objector's full name and address; (ii) the case name and docket number - *Remoundos, et al. v. LendUS, LLC*, Case No. 4:22-cv-00749-EMC (N.D. Cal.); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

27. Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Settlement Notices and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the service award request for the named Plaintiff, whether by appeal, collateral attack, or otherwise.

United States District Court
Northern District of California

28.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

29.     Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against LendUS with respect to all of the Released Claims.

30.     LendUS shall prepare and send, at LendUS's expense, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715.  Class Counsel and Counsel for LendUS shall cooperate promptly and fully in the preparation of such notices, including providing LendUS with any and all information in their possession necessary for the preparation of these notices.  LendUS shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the Settlement.  LendUS shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

<u>Administration of the Settlement.</u>

31.     The Court hereby appoints the claims administrator proposed by the parties, Kroll Settlement Administration (the "Claims Administrator").  Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Settlement Class; (c) developing a website to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (e) distributing settlement checks to Settlement Class Members.  Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid by LendUS.

32.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against LendUS and any other Released Person, and LendUS and any other

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Released Persons shall retain any and all of their current defenses and arguments thereto

2   (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3)

3   are not satisfied for purposes of continued litigation).  The Litigation shall thereupon revert

4   forthwith to its respective procedural and substantive status prior to the date of execution of the

5   Settlement Agreement and shall proceed as if the Settlement Agreement and all other related

6   orders and papers had not been executed.

7          33.     Neither this Order nor the Settlement Agreement nor any other settlement-related

8   document nor anything contained herein or therein or contemplated hereby or thereby nor any

9   proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or

10  herein or in any other settlement-related document, shall constitute, be construed as or be deemed

11  to be evidence of or an admission or concession by LendUS as to the validity of any claim that has

12  been or could have been asserted against it or as to any liability by it as to any matter set forth in

13  this Order, or as to the propriety of class certification for any purposes other than for purposes of

14  the current proposed settlement.

15

16          **IT IS SO ORDERED**.

17

18  Dated: December 20, 2022

19

20  _____

21  EDWARD M. CHEN
    United States District Judge

22

23

24

25

26

27

28