UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELIA REMOUNDOS, *et al.*, <br><br>    Plaintiffs, <br><br>    v. <br><br>LENDUS, LLC, <br><br>    Defendant. | Case No.  22-cv-00749-EMC <br><br> **ORDER RE ATTORNEYS' FEES AND COSTS** |

    Previously, the Court granted Plaintiffs' motion for final approval of a class action settlement but deferred ruling on the fee motion. *See* Docket No. 64 (Order ¶ 13). The Court indicated that a factor that would play into its calculus on the fee award would be the enrollment rate in the credit monitoring program.

    Plaintiffs' counsel has now submitted a declaration stating that, as of November 28, 2023, 86 settlement class members have enrolled in the credit monitoring program. The settlement administrator previously represented that notice was sent to 11,449 settlement class members. *See* Docket No. 50 (Fenwick Decl. ¶¶ 5, 9-10). Thus, as of date, the enrollment rate for the credit monitoring program is approximately 0.75%. Accepting the representation that the value of the credit monitoring program to a settlement class member is $8-10 per month, that means that the value added by the credit monitoring program is approximately $24,768 to $30,960.[1] *See* Docket

---

[1] $8 x 12 months x 3 years = $288.  $288 x 86 enrollees = $24,768.

    $10 x 12 months x 3 years = $360.  $360 x 86 enrollees = $30,960.

    Plaintiffs previously estimated that the value of the credit monitoring program would be $40,032 to $523,008. This was based on an estimate that anywhere between 1.2% to 15.7% of

No. 65 (Haroutunian Decl. ¶¶ 9-10). Notably, the value to the settlement class is close to the value that LendUS paid for the credit monitoring services. *See* Docket No. 65 (Haroutunian Decl. ¶ 11) (taking note of LendUS's prior representation (made at the final approval hearing) that it spent about $20,000 to pay for the credit monitoring services).

Thus, excluding claim administration expenses and attorneys' fees, the value of the settlement to the class is:

- $44,727.25 representing the monetary payout to the class;
- $228,800 representing the cost of the cybersecurity enhancements made by LendUS; and
- $24,768 to $30,960 representing the value of the credit monitoring program. For purposes of this order, the Court shall value the credit monitoring program at $27,864, *i.e.*, the midpoint.
- Total = $301,391.25.

Claim administration expenses now stand at $83,122.40 (expenses increased because a reminder notice was issued to encourage class members to enroll in the credit monitoring program), *see* Docket No. 65 (Haroutunian Decl. ¶ 7), and LendUS has agreed to pay $175,000 in attorneys' fees and costs (with no reverter should a smaller amount of fees be awarded). Taking into account all of the above, a "common fund" of about $559,513.65 has been established.[2] Attorneys' fees and costs represent about 31.3% of that fund.

According to Plaintiffs' counsel, if the Court were to grant fees and costs in full (*i.e.*, $175,000), the breakdown of fees and costs would be $173,680.02 in fees and $1,309.98 in costs. *See* Docket No. 65 (Haroutunian Decl. ¶ 17). Plaintiffs' counsel represents that its lodestar for fees alone is $215,907.20 (representing 353.60 hours of work). *See* Docket No. 65 (Haroutunian Decl. ¶ 16).

---

settlement class members would enroll. *See* Docket No. 61 (2d Haroutunian Decl. ¶¶ 17-18).

[2] No common fund was, of course, actually established in this case although one could have been. However, for purposes of evaluating fees, it is helpful to view the value of the settlement as a common fund.

Taking into account all of the above, the Court concludes that a fee/cost award of $150,000 is appropriate. This amount puts Plaintiffs' counsel slightly above the 25% benchmark that the Ninth Circuit has endorsed, which is reasonable given that this is a small case. The results obtained do not justify a heightened fee award at the 31.3% level, even taking into account that the case is a small one. The Court has also taken into account the asserted lodestar. However, the claimed lodestar does not fully reflect what has taken place in this litigation. The initial settlement submitted to the Court was extremely problematic. For counsel to be compensated for these hours – at least in full – thus raises serious concerns.

In so ruling, the Court understands that the $25,000 not awarded to Plaintiffs' counsel shall **not** revert to LendUS but instead shall be transferred to increase the pro rata claims of class members. *See* Am. Sett. Agmt. ¶ 7.6.

For the foregoing reasons, the Court awards fees/costs of $150,000 to Plaintiffs' counsel, with the remaining $25,000 to be distributed to claiming class members.

**IT IS SO ORDERED**.

Dated: November 29, 2023

EDWARD M. CHEN
United States District Judge